**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. |
| ) | 2:16-22-DLB-MAS-1 |
| v. ) | and |
| ) | Civil Action No. |
| TERENCE DICKENS, ) | 2:19-174-DLB-CJS |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## REPORT & RECOMMENDATION

This matter is before the undersigned on Petitioner Terence Dickens's ("Dickens") Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255. Dickens alleges violations of a host of constitutional rights, all addressed as claims of ineffective assistance of counsel. [DE 426; DE 441]. The United States responded in opposition [DE 445], and Dickens filed a reply [DE 450]. After reviewing the record in its entirety, the Court recommends Dickens's motion be denied for the reasons detailed below.

### I.   RELEVANT FACTUAL BACKGROUND

On May 16, 2016, Dickens was arraigned in this Court on an indictment charging him and multiple other defendants with conspiracy to commit bank fraud and identity theft. [DE 22; DE 3 (Indictment); DE 143 (Superseding Indictment).] Dickens was specifically charged with one count of conspiracy to commit bank fraud and six counts of aiding and abetting aggravated identify theft. [*Id.*]. At trial, a jury convicted Dickens on all 7 counts. [DE 333]. Dickens received 144 months imprisonment for Count 1, 24 months for Count 2, and 24 months on Counts 3 through 7. [*Id.*]. Counts 1 and 2 were to be served concurrently, as were 3-7, for a total of 168 months

1

imprisonment. [*Id.*]. Following his sentencing, Dickens appealed the decision. [DE 421]. The Sixth Circuit affirmed the District Court's judgment on September 4, 2018. [DE 422].

Dickens then timely filed the present Motion to Vacate, Set Aside, or Correct a Sentence on December 2, 2019. [DE 426].

## II. ANALYSIS

Dickens separates his arguments into 17 separate categories: (1) "Illegal Arrest"; (2) "Subject Matter Jurisdiction and/or Proper Venue"; (3) "Double Jeopardy"; (4) "Improper Denial of Franks Hearing"; (5) "Fraud on the Court"; (6) "Prosecutorial Misconduct"; (7) "Missing Witness – Right to Confront"; (8) "Duplicitous Indictment"; (9) "Failure to Include Element of Offense"; (10) "Sentencing Errors"; (11) "Sentencing Errors Regarding Fleeing Enhancement"; (12) "Sentence Imposed by District Court is Unreasonable"; (13) "The Court Incorrectly Applied §2B1.1 to Enhance Petitioner"; (14) "Due Process Violation – Inaccurate Transcript[.]" [DE 441, at Page ID # 3033]. Among these main claims, Dickens also argues he suffered from (15) "Entrapment" and (16) "Prosecutorial Delay. [DE 441, at Page ID # 3036-37]. Dickens claims that these violations are all based upon his last overarching grievance, a theory of (17) Ineffective Assistance of Counsel." [*Id.* at Page ID # 3054]. This is a clear attempt to relitigate his substantive claims to avoid procedural default. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (stating that ineffective assistance of counsel claims cannot be deemed procedurally defaulted). As a result, the Court will focus specifically on counsel's performance in analyzing these claims.

### A. PROCEDURAL DEFICIENCIES

First, any arguments Dickens has already litigated on appeal are procedurally defaulted. "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995); *see also Giraldo v. United States*, 54 F.3d 776 (6th Cir. 1995) (noting, "It is well settled that a § 2255

2

motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law.") The Sixth Circuit affirmed the District Court's findings regarding the legality of Dickens's arrest and the two-level enhancement for reckless endangerment of flight he received. [DE 422, at Page ID # 2810-11, 2827]. Thus, these arguments are procedurally improper, and the Court will not relitigate them for a third time.

Likewise, several of Dickens's other arguments also procedurally fail because he never raised those issues on direct appeal. "Otherwise, the claim is procedurally defaulted." *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). As the United States accurately conveyed in its response, Dickens claims of "subject matter jurisdiction, improper venue, prosecutorial delay, double jeopardy, denial of a Franks hearing, prosecutorial misconduct, defects in the indictment, errors in the jury instructions, errors at sentencing, reasonableness of his sentence, Confrontation Clause violations, Due Process violations, entrapment, and errors in the transcript" are all procedurally defaulted for this reason. [DE 445, at Page ID # 3312]. Dickens could circumvent this rule upon a showing of "cause" for raising the issues late and "actual prejudice." *Bousley v. United States*, 523 U.S. 614, 622 (1998). Yet, Dickens fails to provide information in his petition showing cause to overcome the "intentionally high" standard of the exception. *Id*. Thus, these issues are precluded. *United States v. West*, 2017 WL 130286, at *2 (E.D. Mich. Jan. 13, 2017) (finding a failure to raise an issue on direct appeal constitutes a procedural default); *Sullivan v. United States*, 587 F. App'x 935, 942 (6th Cir. 2014) (holding *Brady* claim in § 2255 review is procedurally barred when not raised on appeal).

Based upon this issue alone, the Court recommends denial of Dickens' claims. Nevertheless, the Court *will* touch on these defaulted arguments only to show they also fail to warrant § 2255 relief on the merits.

B. **SUBSTANTIVE DEFICIENCIES**

In his motion, Dickens claims all his arguments are based upon a theory that he received ineffective assistance of counsel. [DE 441, at Page ID # 3054] To succeed on such a § 2255 motion, petitioner "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). One such possible claim of constitutional error is a claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-87 (1984). To prevail on an ineffective assistance of counsel claim under § 2255, petitioner must prove (1) that their counsel's performance was deficient, and (2) that petitioner suffered prejudice due to said deficiency. *Id*. at 687. Deficient performance is shown only through proving "counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. A showing of prejudice requires a "reasonable probability that, but for counsel's errors, the judicial outcome would have been different." *Id*. at 694-95. Petitioner must adequately fulfill both components of the analysis, but courts need "not address both components of the deficient performance and prejudice inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

The Court finds that each of Dickens's remaining grounds suffer from at least one of four deficiencies: Grounds 5, 6, 11, 14, and 15 all fail to meet the first prong of the *Strickland* analysis; Grounds 4 and 16 fail to show prejudice under the second prong of the *Strickland* analysis;

4

Grounds 2, 10, 12, and 13 are all refuted directly by the court record; and Grounds 3, 7, 8, and 9 are meritless based on Dickens's misunderstanding of the law.

### 1. Grounds Failing to Meet *Strickland*'s Performance Standard

The first prong of *Strickland* concerns counsel's performance. A finding of deficiency requires the petitioner "prove that counsel's representation was not merely below average, but rather that it 'fell below an objective standard of reasonableness.'" *United States v. Dado*, 759 F.3d 550, 563 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 688). Courts "employ a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* (quoting *Strickland*, 466 U.S. at 689); *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).

Dickens twice accuses former counsel of prejudicial violations but fails to provide substantive information that such behavior actually occurred. For example, Dickens claims that counsel was deficient for failing to make objections regarding alleged fraudulent testimony (which he refers to as "fraud on the court") and alleged prosecutorial misconduct. [DE 441, at Page ID # 3043-46]. Dickens, however, merely provides uncorroborated and vague allegations of false witness testimony. [*Id.*]. There is no obligation for counsel to make objections based on unfounded accusations. *United States v. Martin*, 45 Fed. App'x. 378, 381 (6th Cir. 2002) (discussing that one's counsel cannot provide deficient performance by failing to raise wholly meritless claims) (*citing Strickland v. Washington*, *supra* at 688); *see also Goldman v. Anderson*, 625 F.2d 135 (6th Cir. 1980) (stating that a failure to object caused by a tactical decision by counsel, without more, will not provide a basis for habeas relief.). Similarly, Dickens's claim that Due Process rights were violated due to "over 1,400 omissions in the transcript." [DE 441, at Page ID # 3053]. Dickens offers no specific errors or evidence of said omissions, only stating that they exist. Such conclusory statements are insufficient to meet the first prong of *Strickland*. *See*

5

*Lovejoy v. United States*, No. 95-3968, 1996 WL 331050, at *3 (6th Cir. June 13, 1996) (acknowledging that conclusory statements are insufficient to warrant § 2255 relief).

Dickens also claims that he was entrapped. [DE 441, at Page ID # 3036]. Entrapment requires "two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." *Matthews v. United States*, 485 U.S. 58, 63 (1988). Dickens's basis for his alleged entrapment is convoluted, mentioning a "ruse and false testimony" and a lack of a "warrant for [his] arrest." [DE 441, at Page ID # 3036]. These claims are unsubstantiated and, even if true, do not prove either prong of the entrapment analysis. Hence, counsel's failure to raise an objection on a meritless claim is not deficient performance. *Martin*, 45 Fed. App'x. at 381; *see also Goldman*, 625 F.2d 135.

In the end, Dickens fails to sufficiently meet the requirements of *Strickland*, and the Court recommends denial of his petition on the above grounds.

### 2.  **Grounds Failing to Meet *Strickland*'s Prejudice Standard**

When evaluating *Strickland*'s second prong, prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Strickland*. 466 U.S. at 695. To prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Ultimately, many of Dickens's arguments fail for this very reason.

For instance, Dickens claims counsel was ineffective for not filing a motion requesting a Frank's Hearing. [DE 441, at Page ID # 3039-42]. This is despite the fact Dickens filed such a request himself and was denied by the District Court. [DE 262 (Pro Se Motion Requesting Frank's Hearing); DE 263 (Denial of Motion)]. Counsel's choice of one strategy over another is not inherently unreasonable, especially with no indication that said strategy caused petitioner to suffer prejudice. *Leonard v. Warden, Ohio State Penitentiary*, 846 F.3d 832, 849 (6th Cir. 2017); *see*

6

*also Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (stating that proving prejudice under *Strickland* involves an "exacting standard" of showing that, but for counsel's failure, there is a reasonable probability that the outcome would have been different).

Dickens also claims that the United States caused him harm by failing to "provide a reason for the [five] month delay between the arrest and indictment. [DE 441, at Page ID # 3037]. Though he claims this prevented him from "adequately [preparing] a defense", Dickens provides no evidence for his assertion and fails to explain how it negatively impacted his defense preparation. Such general claims, without evidentiary support or further efforts at illustrating the prejudice caused, fail to meet the high burden of *Strickland*, which carries a strong presumption of counsel competency. *Strickland*, 466 U.S. at 689. Thus, Dickens, without corroborating evidence and elaboration, fails to meet the *Strickland* standard to prove his claims of counsel's deficiency.

### 3. **Grounds Refuted by the Record**

Other claims by Dickens's are refuted by the record. Dickens argues that the Court lacked subject-matter jurisdiction and/or was not a proper venue for his trial. [DE 441, at Page ID # 3036-37]. This seems to be based upon the fact he was initially arrested in Ohio. [*Id.*]. Regardless, his indictment refutes this claim, detailing Dickens's crimes in the Eastern District of Kentucky. [DE 3].

Dickens's also lists a host of complaints regarding his sentencing that are also refuted by the record. First, he claims there was an error in the Court's use of Dickens's criminal history in his sentencing because the "judgment [] provided" was not a "certified copy." [DE 441, at Page ID # 3051]. Dickens correctly cites U.S.S.G. § 6A1.3 in that "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." [DE 441, at Page ID # 3051]. Dickens's fails to remember, however, that the Court verified the

7

information concerning his criminal history at his sentencing, specifically mentioning that the "probation officer [had] verified with Hamilton County, Ohio officials" the validity of Dickens's past convictions. [*see, e.g.*, DE 373 at Page ID # 2671-72]. Dickens offers nothing to prove the information in the presentencing investigation report used at sentencing was inaccurate. *United States v. Geerken*, 506 F.3d 461, 467 (6th Cir.2007) ("When a defendant fails to produce any evidence to contradict the facts set forth in the [presentencing investigation report], a district court is entitled to rely on those facts when sentencing the defendant.").

Dickens's belief that he received an "unreasonable sentence" suffers from a similar deficiency. [DE 441, at Page ID # 3052]. Again, Dicken's correctly identifies that a "sentence within the Guidelines range is afforded a presumption of reasonableness." *United States v. Wroten*, 744 F. App'x 245, 248 (6th Cir. 2018). Dickens then argues that despite this assumption of reasonableness, he generally disagrees with the sentence and feels it should have been lower. [DE 441, at Page ID # 3052]. Dickens cannot offer a legitimate alternative argument to those offered by his counsel at sentencing. [DE 373, at Page ID # 2674-75 (counsel arguing that despite "all [] objections being overruled" Dickens should not receive "the high end of any guidelines[.]"). Any further objection to the sentence by counsel would have likely been futile. *See Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (holding that "counsel cannot be ineffective for failure to raise an issue that lacks merit"). Thus, Dickens's complaint of his sentence's unreasonableness is directly contradicted by the record and his own admission.

Dickens's also claims his U.S.S.G. § 2B1.1(b)(2)(A)(i) enhancement was improperly applied. [DE 441, at Page ID # 3052-53]. As is his method of analysis, Dickens argues that that enhancement applies where an offense involves ten victims suffering from financial hardship, but only where the Court specifically identifies 10 specific victims. [*Id.*]. He cites no legal precedent

8

in support of this argument. Further, Dickens's counsel *did* raise an objection to this enhancement, but the Court overruled it. [DE 360, at Page ID # 2351-52]. The Court detailed specifically that there were, at minimum, five banks that substantiated actual losses alongside approximately 35 other business checks that were stolen and never received at their addresses. [*Id.*]. The Court counted each of these entities as victims, bypassing the ten-victim threshold. "Counsel does not fall below this [*Strickland*] standard by failing to prevail when arguing a debatable point to the court." *Hodge v. Haeberlin*, 579 F.3d 627, 644 (6th Cir. 2009).

Accordingly, Dickens's complaints regarding his sentencing are erroneous and the Court recommends they be denied on the merits.

### 4. Grounds Not Supported by the Law

Dickens's remaining claims are unfounded due to a misunderstanding of the law. Dickens contends that his counsel failed to make a motion for dismissal based upon double jeopardy. [DE 441 at Page ID # 3038-39]. Successive state and federal prosecutions for the same conduct do not violate the double jeopardy clause. *Koon v. United States*, 518 U.S. 81 (1996); *Davenport v. Ormond*, 2017 WL 4230400, at *4 (E.D. Ky. Sept. 20, 2017) (citing *Heath v. Alabama*, 474 U.S. 82, 88 (1985)). Moreover, the United States explained that Dickens's state charges were dismissed "in lieu of the federal case." Thus, Dickens's double jeopardy argument has no merit.

Similarly, Dicken's states that his indictment was duplicitous. [DE 441, at Page ID # 3049]. "An indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002) (citing *United States v. Campbell*, 279 F.3d 392, 398 (6th Cir. 2002)). While Dickens believes Count 1 was duplicitous, but it was not. Given that Dickens was charged with conspiracy of bank fraud, the indictment listed the conspiracy statute, 18 U.S.C. § 1349, *and* the primary statute for bank fraud itself, 18 U.S.C. § 1344. [*See* DE 134]. Likewise, Dickens's claim that the United States and Court failed to include

9

elements of the offense charged is also misguided. [DE 441, at Page ID # 3050]. Dickens states that 18 U.S.C. § 1344 is "actually two separate statutes with two separate essential elements. [DE 426, at Page ID # 2853]. This is a misunderstanding of statutory construction on Dickens part and the jury being unaware of this nonexistent dichotomy was in no way injurious to him. [DE 441, at Page ID # 3050]. Once again, Dickens's misunderstanding of the law makes this claim meritless.

Finally, Dickens argues that his rights under the Sixth Amendment's Confrontation Clause were violated. [DE 441, at Page ID # 3046-48]. Dickens believes the United States should have produced any and all "check cashers" that were alleged in the conspiracy. [*Id.*; *see also* DE 450, at Page ID # 3150]. The Confrontation Clause, however, simply prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Dickens fails to show any testimonial evidence introduced without opportunity for cross examination. Further, the Court notes the "familiar, standard rule that the prosecution is entitled to prove its case by evidence of its own choice[.]" *Old Chief v. United States*, 519 U.S. 172, 186 (1997). For the third time, Dickens's argument fails based on a misunderstanding of the law.

The Court also recommends these arguments be denied § 2255 relief.

### III.   CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") shall issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. §

2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of the Dickens' § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV.   CONCLUSION & RECOMMENDATION

For all of the reasons stated in this decision, the Court **RECOMMENDS** that:

1) the District Court **DENY**, with prejudice, Defendant's § 2255 motion [*See* DE 426, 421]; and

2) the District Court **DENY** a Certificate of Appealability as to all issues, should movant request a COA.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute. As defined by § 636(b) (1), Fed. R. Civ. P. 72(b), Fed. R. Crim. P. 59(b), and local rule, within fourteen days after being served with

a copy of this recommended decision, any party Dickens serve and file written objections to any or all portions for consideration, de novo, by the District Court.

Entered this 11th day of August, 2020.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge